UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LAVON WILLIAMSON,

    Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

    Defendant.

Case No. 2:10-CV-00499-KJD-RJJ

**ORDER**

Currently before the Court is Defendant Life Insurance Company of America's ("LINA") Motion to Dismiss (#12). Plaintiff Lavon Williamson ("Williamson") filed a Response in opposition (#18), to which LINA filed a Reply (#21).

**I. Background**

LINA issued disability income policy No. FLK-9601305 ("Policy") to First Command Financial Planning, Inc., effective January 1, 2008.[1] In 2009, Plaintiff Williamson was working as a Direct Advisor, supervising other financial advisors. Plaintiff avers that he was an independent contractor for First Command from 1999 to February 2009. Williamson submitted a claim for long-term disability benefits to LINA on May 20, 2009, stating that he had been unable to work since February 20, 2009, due to migraine headaches, and extreme pain in his neck, shoulders, and arms. On June 30, 2009, LINA denied Williamson's claims, advising that Plaintiff's medical records did

---

[1] The Complaint fails to set forth how or why Plaintiff was covered under the Policy, the Plaintiff claims however, that the Policy provides, and that he is entitled to, disability benefits of varying percentages in the event that he is unable to perform the material duties of his regular occupation. The policy is attached to Defendant's Motion to Dismiss, and is considered by the Court because its authenticity is not at issue and because it is the subject of, and referred to extensively, in the Complaint. See Anderson v. Clow, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996)

not support a finding for long-term disability benefits. Williamson submitted additional medical reports and records, and was again advised that he did not qualify for disability benefits.

Plaintiff filed his Complaint in this Court on April 8, 2010, alleging three claims for relief against LINA: (1) Breach of Contract; (2) Bad Faith; and (3) Unfair Claim Settlement Practices. In the Complaint, Williamson avers that LINA handled his claim as though it was a claim governed under the Employment Retirement Securities Act, 29 U.S.C. §§ 1001 et seq. ("ERISA"), in spite of the fact that his claim file reveals that LINA "knew his claim was not governed by ERISA". (#1 at 3.)

Defendant LINA seeks that the Court dismiss Plaintiff's action in its entirety pursuant to Fed. R. Civ. P. 12(b)(6), because it brings state law claims that are wholly preempted by ERISA. Plaintiff, in opposition, avers that the Policy is not governed by ERISA because of Plaintiff's status as an independent contractor. Additionally, Plaintiff avers that the Court cannot dismiss his Complaint at this stage in the litigation, because an issue of fact remains regarding whether the Plan qualifies as an ERISA plan. For the reasons stated herein, the Court denies Defendant's Motion to Dismiss.

**II. Standard of Law for Motion to Dismiss**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a Plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

1  In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to
2  apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual
3  allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.
4  Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory
5  statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual
6  allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially
7  plausible when the Plaintiff's complaint alleges facts that allow the court to draw a reasonable
8  inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint
9  does not permit the court to infer more than the mere possibility of misconduct, the complaint has
10 "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks
11 omitted). When the claims in a complaint have not crossed the line from conceivable to plausible,
12 Plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

**III. Discussion**

   **A. ERISA Plan**

The existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person. Stuart v. UNUM Life Ins. Co. of Am., 217 F.3d 1145, 1149 (9th Cir. 2000). "To determine whether an insurance plan is an ERISA plan, a district court considers 29 U.S.C. § 1002(1), which defines an employee welfare benefit plan, and 29 C.F.R. § 2510.3-1(j), which clarifies the meaning of 'establishing and maintaining' such a plan." Meadows v. Emp'rs Health Ins., 826 F.Supp. 1225, 1228 (D.Ariz.1993). An "employee welfare benefit plan" is:

> [A]ny plan, fund, or program . . . established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of . . . accident, [or] death. . . .

29 U.S.C. § 1002(1); see also Kanne v. Conn. Gen. Life Ins. Co., 867 F.2d 489, 492 (9th Cir. 1988). Although the mere purchase of insurance does not alone constitute an ERISA plan, the purchase of insurance may be evidence of the existence of an ERISA plan. Kanne, 867 F.2d at 492.

ERISA applies broadly to employee benefit plans that are established or maintained by an employer as defined in 29 U.S.C. § 1002(1). The Ninth Circuit has found that an employer can establish an ERISA plan if it does no more than arrange for a group type insurance program. Kanne v. Connecticut General Life Ins. Co., 867 F.2d 489, 492 (9th Cir.1989). Under employee benefit programs subject to ERISA, state law and common law actions are preempted pursuant to 29 U.S.C. § 1144(a). The preemptive language in Section 1144 is broadly construed, and has been extended to tort and contract actions. See Pilot Life Ins. v. Dedeaux, 481 U.S. 41, 48, (1987) (overturned on other grounds).

Because LINA is seeking dismissal under ERISA preemption, LINA bears the burden to prove the facts necessary to establish said preemption—that the Plan is an ERISA covered Plan. As stated above, Plaintiff's opposition disputes both the existence of an ERISA Plan, and/or whether his claims should be preempted. Specifically, Plaintiff asserts that the Plan falls under the Department of Labor's safe harbor regulation.[2]

1. Safe Harbor

As stated above, Plaintiff argues that the Plan at issue does not qualify as an ERISA plan because it is subject to ERISA's "safe harbor regulation." The Department of Labor's "safe harbor regulation" specifies that an "employee welfare benefit plan" shall not include a group insurance program offered by an insurer to members of an employee organization, under which:

---

[2] If matters outside of the pleadings are submitted in conjunction with a motion to dismiss, Rule 12(b) grants courts discretion to either accept and consider, or to disregard such materials. See Isquith v. Middle S. Utils., Inc., 847 F.2d 186, 193 n. 3 (5th Cir.1988). A court exercises this discretion by examining whether the submitted material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, may facilitate disposing of the action. Id. at 193 n. 3. If the court elects to convert the motion, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

> (1) No contributions are made by an employer or employee organization;
>
> (2) Participation [in] the program is completely voluntary for employees or members;
>
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
>
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j). Because exclusion under this "safe harbor" provision requires all four elements, "a group insurance plan cannot be excluded from ERISA coverage when an employer fails to satisfy any one of the four requirements of the safe harbor regulation." Stuart, 217 F.3d at 1153 ("employers must satisfy all four requirements of the safe harbor regulation for otherwise qualified group insurance plans to be exempt from ERISA coverage"). Contrary to Defendant's assertion, a full examination of the above listed factors cannot be made at this stage of the litigation. Plaintiff alleges that the Plan meets the first two requirements for safe harbor, and that the remaining factors cannot be determined without the examination of additional evidence outside of the four-corners of the Complaint. (See #18 at 8.) Defendant, in opposition, alleges that the Policy itself establishes that the safe harbor regulations cannot apply.

Though in some cases, the existence of an ERISA plan may be decided as a matter of law based solely upon the examination of Plan documents, here, the Court finds that additional consideration beyond the Plan documents must be made before the issue of preemption may be determined.

**B. Independent Contractor Status**

Williamson additionally argues that dismissal is inappropriate because as a independent contractor, he is excluded from ERISA coverage. LINA's Motion argues that Williamson's

5

employment status does not matter, because Williamson qualifies as a "beneficiary" under the Plan, and therefore his state law claims are preempted by ERISA. Specifically, LINA cites <u>Ruttenberg v. U.S. Life Insurance Company</u>, 413 F.3d 652 (7th Cir. 2005) in which the Seventh Circuit held that an independent contractor may be found to be a "beneficiary" under ERISA. The Court does not find <u>Ruttenberg</u> controlling here however, as it did not address the issue of an independent contractor's status as a employee, and the Ninth Circuit has found that the issue of ERISA preemption may turn upon a Plaintiff's status as an employee or independent contractor. <u>Barnhart v. New York Life Insurance Co.</u>, 141 F.3d 1310 (9th Cir. 1998). Though not directly on point as it did not address whether an independent contractor may qualify as a "beneficiary", <u>Barnhart</u> held that the Court was required to consider the twelve factors set forth in <u>Nationwide Mutual Ins. Co. V. Darden</u>, 503 U.S. 318, 323–24 (1992), in determining whether a party qualifies as an employee under ERISA. Because Plaintiff's status as an employee or independent contractor has not yet been determined, Defendant's Motion must be denied.

**IV. Conclusion**

    Accordingly, **IT IS HEREBY ORDERED** that Defendant Life Insurance Company of America's Motion to Dismiss (#12) is **DENIED**.

    DATED this 25th day of March 2011.

_____
Kent J. Dawson
United States District Judge