Amy Honodel
Nevada Bar No. 7755
e-mail: amy@chlvlaw.com
CHASEY HONODEL
3295 N. Fort Apache Rd., Ste. 110
Las Vegas, NV 89129
(702) 233-0393
(702) 233-2107 (fax)

Lisa Counters
(Pro Hac Vice)
Arizona Bar No. 016436
lisa@countersfirm.com
The Counters Firm, P.C.
10645 N. Tatum Boulevard, Ste. 200-622
Phoenix, AZ 85028
(602) 490-0030

Attorneys for Plaintiff
LAVON WILLIAMSON

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAVON WILLIAMSON, a married person,<br><br>                              Plaintiff,<br><br>v.<br><br>Life Insurance Company of North America, a foreign corporation,<br><br>                              Defendant. | **Case No.: 2:10-cv-00499-KJD-RJJ**<br><br>**RESPONSE TO LINA'S STATEMENT OF UNDISPUTED FACTS** |

Plaintiff responds to Defendant Life Insurance Company of North America's Statement of Undisputed Facts as follows:

1.  Plaintiff does not dispute ¶1.

2.  Plaintiff does not dispute ¶2.

3.  Plaintiff does not dispute ¶3.

4. Plaintiff does not dispute ¶ 4.

5. Plaintiff does not dispute ¶5.

6. Plaintiff does not dispute ¶6.

7. Plaintiff does not dispute ¶7.

8. Plaintiff does not dispute ¶8.

9. Plaintiff does not dispute ¶9.

10. Plaintiff does not dispute ¶10.

11. Plaintiff disputes ¶11. Plaintiff admits that the Form 5500 lists First Command Financial as the Plan Sponsor and Administrator, however, Defendant's filing and preparation of Form 5500s does not automatically lead to the conclusion that the plan in question is governed by ERISA.

12. Plaintiff disputes ¶12. Plaintiff admits that the Form 5500 lists First Command Financial as the Plan Sponsor and Administrator, however, Defendant's filing and preparation of Form 5500s does not automatically lead to the conclusion that the plan in question is governed by ERISA.

13. Plaintiff disputes ¶ 13. In 2007-2008 First Command offered accidental death, life, health, dental, temporary and long-term disability and vision benefits through fully-insured plans. (Dkt. 32-2, p. 1-20).

14. Plaintiff does not dispute ¶ 14.

15. Plaintiff does not dispute ¶15.

16. Plaintiff does not dispute ¶16.

17. Objection, hearsay. Mr. Neveu's declaration is not based on his personal knowledge, rather it is based Neveu's "'review of relevant documents and discussions with appropriate personnel." (Dkt. 32). Hearsay statements in affidavits are inadmissible and cannot support a motion for summary judgment. *See* Fed. R. Civ. P. 56(e); *Beyene v. Coleman Security Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988).

18. Plaintiff does not dispute ¶18.

19. Plaintiff does not dispute ¶19.

20. Plaintiff does not dispute ¶20.

21. Plaintiff admits that the policy contains the identified rider, however, the presence of language indicating a plan is covered by ERISA is not dispositive of whether a Plan is governed by ERISA.

22. Plaintiff admits that the policy contains the identified rider; however, the presence of language indicating a plan is covered by ERISA does not make the plan governed by ERISA.

23. Plaintiff does not dispute ¶23, but affirmatively alleges that the only information provided to LINA by First Command was basic employment information. LINA actually made the eligibility determination. *See* PSOF at ¶ 16, 23.

24. Plaintiff does not dispute that the policy contains the language quoted in Paragraph 24, however, First Command only provided LINA with census information on its employees. *See* PSOF ¶23.

25. Plaintiff does not dispute ¶25, but affirmatively alleges that Williamson had

the right to cancel his coverage at any time as well.  PSOF ¶4.

26.	Objection, hearsay.  Mr. Neveu's declaration is not based on his personal knowledge, rather it is based Neveu's "'review of relevant documents and discussions with appropriate personnel." (Dkt. 32).  Hearsay statements in affidavits are inadmissible and cannot support a motion for summary judgment. *See* Fed. R. Civ. P. 56(e);  *Beyene v. Coleman Security Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988).

27.	Objection, hearsay.  Mr. Neveu's declaration is not based on his personal knowledge, rather it is based Neveu's "'review of relevant documents and discussions with appropriate personnel." (Dkt. 32).  Hearsay statements in affidavits are inadmissible and cannot support a motion for summary judgment. *See* Fed. R. Civ. P. 56(e);  *Beyene v. Coleman Security Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988).

28.	Objection, hearsay.  Mr. Neveu's declaration is not based on his personal knowledge, rather it is based Neveu's "'review of relevant documents and discussions with appropriate personnel." (Dkt. 32).  Hearsay statements in affidavits are inadmissible and cannot support a motion for summary judgment. *See* Fed. R. Civ. P. 56(e);  *Beyene v. Coleman Security Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988).

29.	Objection, hearsay.  Mr. Neveu's declaration is not based on his personal knowledge, rather it is based Neveu's "'review of relevant documents and discussions with appropriate personnel." (Dkt. 32).  Hearsay statements in affidavits are inadmissible and cannot support a motion for summary judgment. *See* Fed. R. Civ. P. 56(e);  *Beyene v. Coleman Security Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988).

30. Objection, hearsay. Mr. Neveu's declaration is not based on his personal knowledge, rather it is based Neveu's "'review of relevant documents and discussions with appropriate personnel." (Dkt. 32). Hearsay statements in affidavits are inadmissible and cannot support a motion for summary judgment. *See* Fed. R. Civ. P. 56(e); *Beyene v. Coleman Security Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988).

31. Objection, hearsay. Mr. Neveu's declaration is not based on his personal knowledge, rather it is based Neveu's "'review of relevant documents and discussions with appropriate personnel." (Dkt. 32). Hearsay statements in affidavits are inadmissible and cannot support a motion for summary judgment. *See* Fed. R. Civ. P. 56(e); *Beyene v. Coleman Security Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988).

32. Objection, hearsay. Mr. Neveu's declaration is not based on his personal knowledge, rather it is based Neveu's "'review of relevant documents and discussions with appropriate personnel." (Dkt. 32). Hearsay statements in affidavits are inadmissible and cannot support a motion for summary judgment. *See* Fed. R. Civ. P. 56(e); *Beyene v. Coleman Security Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988).

33. Objection, hearsay. Mr. Neveu's declaration is not based on his personal knowledge, rather it is based Neveu's "'review of relevant documents and discussions with appropriate personnel." (Dkt. 32). Hearsay statements in affidavits are inadmissible and cannot support a motion for summary judgment. *See* Fed. R. Civ. P. 56(e); *Beyene v. Coleman Security Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988).

34. Objection, hearsay. Mr. Neveu's declaration is not based on his personal

knowledge, rather it is based Neveu's "'review of relevant documents and discussions with appropriate personnel." (Dkt. 32). Hearsay statements in affidavits are inadmissible and cannot support a motion for summary judgment. *See* Fed. R. Civ. P. 56(e); *Beyene v. Coleman Security Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988).

35. Plaintiff does not dispute ¶35.

36. Plaintiff does not dispute ¶36.

37. Plaintiff does not dispute ¶37.

38. Plaintiff does not dispute ¶38.

39. Plaintiff does not dispute ¶39.

40. Plaintiff does not dispute ¶40.

41. Plaintiff does not dispute ¶41.

Dated this 14th day of November 2011.

        CHASEY HONODEL
        THE COUNTERS FIRM, P.C.


        By: /s Lisa J. Counters
            Amy Honodel
            Nevada Bar No. 7755
            3295 N. Fort Apache Rd., Ste. 110
            Las Vegas, NV 89129

            and

            Lisa Counters
            The Counters Firm, P.C.
            10645 N. Tatum Boulevard, Ste. 200-622
            Phoenix, AZ  85028