Amy Honodel
Nevada Bar No. 7755
e-mail: amy@chlvlaw.com
CHASEY HONODEL
3295 N. Fort Apache Rd., Ste. 110
Las Vegas, NV 89129
(702) 233-0393
(702) 233-2107 (fax)

Lisa Counters
(Pro Hac Vice)
Arizona Bar No. 016436
lisa@countersfirm.com
The Counters Firm, P.C.
10645 N. Tatum Boulevard, Ste. 200-622
Phoenix, AZ 85028
(602) 490-0030

Attorneys for Plaintiff
LAVON WILLIAMSON

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAVON WILLIAMSON, a married person,<br><br>Plaintiff,<br><br>v.<br><br>Life Insurance Company of North America, a foreign corporation,<br><br>Defendant. | **Case No.: 2:10-cv-00499-KJD-RJJ**<br><br>**PLAINTIFF'S SEPARATE STATEMENT OF FACTS IN SUPPORT OF HIS RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Williamson alleges the following supplemental facts in support of his Response to Defendant's Motion for Summary Judgment:

1. Williamson's contract with First command specifically indicates that Williamson's status "***shall not be that of an employee or full-time life***

*insurance salesperson under the terms of any federal, state, or local law.*"

Exhibit 1 at ¶4(b).

2. Williamson was an independent contractor, not an employee. (Dkt. 32, p. 3. ¶4). First Command does not pay premiums for independent contractors. (Dkt. 32, p. 3, ¶3).

3. Williams elected to be covered under the Life Insurance Company of North America ("LINA") Policy on January 1, 2008. (Dkt. 32-1, p. 40).

4. Enrollment in the LINA policy is voluntary for all employees and for all independent contractors. (Declaration of Lavon Williamson, Exhibit 2, ¶7, Michael Neveu, Responses to Deposition Notice, Exhibit 3, ¶2.)

5. Lavon Williamson paid for 100% of the cost of his LINA disability policy which was deducted from his pay post tax. (Dkt.32-1, p.42, see also Dkt. 32, p. 3, ¶3-4, and Michael Neveu, Responses to Deposition Notice, Exhibit 3, ¶6).

6. The number of enrollees in each of the policies offered by the plan varies with the policy. (Dkt. 32-2, *see, e.g.,* 3, 6, 9); *see also* First Command Bill Summary for month of January 2010, attached as Exhibit 4.

7. First Command received no consideration for administering the Policy. (Exhibit 3 at ¶7)

8. Employees pay the premiums by authorizing a payroll deduction. First Command then transferred the premiums to LINA (Dkt. 32-1 [Exhibit A, LINA Policy] at 17; see also Exhibit 3 at ¶6).

9. The only direct mention of First Command is on the policy cover as "Policy Holder." (Dkt. 32-1 [Exhibit A – LINA Policy at 5). First Command only agreed to be the Plan Administrator and Fiduciary in the event that ERISA applies as part of the application process. (Application for Group Insurance, Exhibit 5, p.2, ¶5).

10. The same document appoints LINA as Claim Fiduciary with a broad scope of duties (Exhibit 5, p.3)

> Within the scope of this appointment, Claim Fiduciary shall be responsible for adjudicating claims for benefits under the Plan, and for deciding any appeals of adverse claim determinations. Claim Fiduciary shall have the authority, in its discretion, to interpret the terms of the Plan, including the Policies; to decide questions of eligibility for coverage or benefits under the Plan; and to make any related findings of fact. All decisions made by such Claim Fiduciary shall be final and binding on Participants and Beneficiaries of the Plan to the full extent permitted by law. Plan Administrator shall include the foregoing in Summary Plan Descriptions furnished to Participants. Claim Fiduciary shall provide Plan Administrator with a form of Summary Plan Description, based on its standard Certificates of Insurance, which contains in substance the foregoing, in addition to a summary of the terms of the Policies. Plan Administrator is solely responsible for assuring that any form of Summary Plan Description which differs from the wording of the Summary Plan Description provided by Claim Fiduciary is consistent with the terms of the applicable Plan documents including the Policies. Plan Administrator shall provide Claim Fiduciary with copies of its Summary Plan Description for use of the Claim Fiduciary in discharging its duties as such. Plan Administrator hereby authorizes the issuance of appropriate amendments to any Policies to reflect this appointment and the authority and responsibility granted to the Claim Fiduciary.

11. LINA was fully responsible for determining whether benefits were paid under the policy. (Dkt. 32-1 p. 31.)

12. First Command did not endorse the Policy. (Exhibit 3, ¶4).

13. LINA had the sole ability to make changes in the Policy. (Dkt.32-1, p.27).

> **Policy Changes**
> No change in the Policy will be valid until approved by an executive officer of the Insurance Company. This approval must be endorsed on, or attached to, the Policy. No agent may change the Policy or waive any of its provisions.

14. LINA required that any brochures or materials referencing the insurance would be reviewed by LINA prior to publication. (Exhibit 5, p.1)

15. In the claim file, LINA states that Williamson's claim was a "NON ERISA claim," (October 26, 2009 claim file note, attached as Exhibit 6.)

16. First Command transmitted information required by LINA to determine Williamson's claim. (Dkt. 32-1, p. 38, 40).

17. LINA made the decision to deny Williamson's claim. (Cigna Denial Letter, Exhibit 7).

18. Field Agents covered earnings are defined differently than Employee covered earnings. (Dkt. 32-1, p. 14, *see also* p. 8, 11).

19. The Policy defines covered earnings of "Employees of Field Agents." (Dkt. 32-1, p. 14).

20. Employees are given a 50% Core Gross Disability Benefit, and 60% Optional Benefit, whereas Field Agents are given the lesser of 60% of covered earnings or the Maximum Disability Benefit of $10,000. (Dkt. 32-1, p. 8, 11, 14).

1  21. The Initial Premium rates for Field Agents is $.77 per $100 of Covered Payroll which is more than four times the $.177 per $100 charged for employee core benefit premiums. The employee optional benefit premium is a mere $.08 per $100. (Dkt. 32-1, p. 1410, 13, 16).

22. Class 2 participants' contributions to the Policy are 100% paid by the participant. (Employer Tax Information, Exhibit 8 ¶2).

23. First Command provided information to LINA to insure proper administration. (Exhibit 5, ¶4).

Dated this 14th day of November 2011.

                CHASEY HONODEL
                THE COUNTERS FIRM, P.C.


                By: /s Lisa J. Counters
                Amy Honodel
                Nevada Bar No. 7755
                3295 N. Fort Apache Rd., Ste. 110
                Las Vegas, NV 89129

                and

                Lisa Counters
                The Counters Firm, P.C.
                10645 N. Tatum Boulevard, Ste. 200-622
                Phoenix, AZ  85260