UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LAVON WILLIAMSON,

    Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

    Defendant.

Case No. 2:10-CV-00499-KJD-RJJ

**ORDER**

    Before the Court is Defendant Life Insurance Company of North America's Motion for Summary Judgment (#30). Plaintiff Lavon Williamson has filed an opposition (#30) and Defendant has filed a reply (#45).

    Also before the Court is Plaintiff's Motion to Strike (#48) to which Defendant has responded (#49).

I.  Background

    Plaintiff is suing Defendant for breach of contract, breach of the covenant of good faith and fair dealing, and violations of N.R.S. 686A arising out of denial of an disability insurance claim.

Defendant claims that it is entitled to summary judgment because Plaintiff's Complaint, which contains only state law causes of action, is preempted because the disputed policy was issued pursuant to an employee benefit plan subject to the Employment Retirement Income Security Act of 1974 ("ERISA").

II.  Facts

At the time of the claim, Plaintiff was working as a financial advisor through First Command Financial Planning, Inc. ("First Command") and supervising other financial advisors.  Although he was associated with First Command, Plaintiff was working as an "independent contractor" and reported his compensation based on an IRS 1099-MISC form.

It is undisputed that Plaintiff issued the disability policy (the "Policy"), that First Command was the policyholder, that First Command was identified as the employer on the Policy, and that First Command filed Form 5500, which is an Annual Return/Report of Employee Benefit Plan (the "Plan") for the relevant fiscal years. First Command was the Plan Administrator and Plan Sponsor. The Plan offered life, health, dental, temporary and long term disability, accidental death, and vision benefits through insurance plans. The Policy is identified as part of the Plan in the 2008-2009 Form 5500 filing.

The Policy defines Classes of Eligible Employees" as follows:

> 1.  **Class 1:** All active, Full-time Employees of the Employer classified as Executives working 30 hours or more per week;
> 2.  **Class 2:** All active, Full-time Home Office Employees of the Employer working 30 hours or more per week; and
> 3. **Class 3:** All Active, Full-time, Field Agents and Full-time Employees of Field Agents working 30 or more hours per week.

According to the declaration of a corporate officer of First Command, the company equated its financial advisors with field agents.[1]  The disability benefits for Class 3 were based in part on the

---

[1] Plaintiff has objected to the corporate officer's declaration on grounds that it is hearsay because it is not based on personal knowledge. However, because the officer is a corporate representative and was noticed for deposition by Plaintiff pursuant to Fed. R. Civ. P. 30(b)(6), his sworn affidavit is admissible.

2

insured's ability to earn a percentage of his or her Indexed Earnings, which is based on annual income reported on a 1099-MSC tax form and includes commissions, bonuses and other non-employee compensation.  The Policy also contains an Amendatory Rider which specifically states that the Policy "has been issued in conjunction with an employee welfare benefit plan subject to" ERISA and that "This Policy is a Plan document within the meaning of ERISA."

Under the Policy, First Command was required to provide Defendant with data for the review of claims, furnish applications for coverage, and report who was insured and the amounts of coverage, which First Command did for Plaintiff's claim.  First Command retained the right to cancel the Policy.  First Command paid the premiums for various employees, including members of Class 3 who were employees.  If an employee purchased supplemental disability coverage, First Command deducted the applicable premium from the paycheck and forwarded the premiums to the insurer.  Additionally, all new employees were provided with materials about the Plan and Plan information was available on Defendant's human resources intranet site.

II.  Discussion

    A. Legal Standard

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See, Fed. R. Civ. P. 56(a); see also, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Id.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(a). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment shall be entered "against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

The existence of an ERISA plan is a question of fact, to be answered in the light of all the surrounding circumstances from the perspective of a reasonable person. Stuart v. UNUM Life Ins. Co. Of Am., 217 F.3d 1145, 1149 (9th Cir.2000). The Ninth Circuit has determined that in some cases, ERISA status for employee benefit plans can be made as a matter of law. See Id.; Crull v. Gem Ins. Co., 58 F.3d 1386 (9th Cir.1995); Pacificare Inc. v. Martin, 34 F.3d 834 (9th Cir.1994); Qualls v. Blue Cross of California, Inc., 22 F.3d 839 (9th Cir.1994). Accordingly, determination of ERISA status is appropriate at summary judgment.

B. ERISA Preemption

Under an employee benefit programs subject to ERISA, state law and common law actions are preempted pursuant to 29 U.S.C. § 1144(a). The preemptive language in Section 1144 is broadly construed, and has been extended to tort and contract actions. See Pilot Life Ins. v. Dedeaux, 481 U.S. 41, 48, (1987) (overturned on other grounds)

"To determine whether an insurance plan is an ERISA plan, a district court considers 29 U.S.C. § 1002(1), which defines an employee welfare benefit plan, and 29 C.F.R. § 2510.3–1(j), which clarifies the meaning of 'establishing and maintaining' such a plan." Meadows v. Emp'rs Health Ins., 826 F.Supp. 1225, 1228 (D.Ariz.1993). An "employee welfare benefit plan" is:

> [A]ny plan, fund, or program ... established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, ... benefits in the event of ... accident, [or] death....

29 U.S.C. § 1002(1); ERISA applies broadly to employee benefit plans that are established or maintained by an employer as defined in 29 U.S.C. § 1002(1). The Ninth Circuit has found that an employer can establish an ERISA plan if it does no more than arrange for a group type insurance program. Kanne v. Connecticut General Life Ins. Co., 867 F.2d 489, 492 (9th Cir.1989).

4

However, there is a regulatory exemption, known as the "safe harbor" provision, that exempts pure, third party insurance programs from ERISA-coverage. Under the safe harbor, "employee welfare benefit plans" do not include group or group-type insurance programs offered by an insurer to employees or members of an employee organization, under which:

> (1) No contributions are made by an employer or employee organization;
> (2) Participation in the program is completely voluntary for employees or members;
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program....

29 C.F.R. § 2510.3–1(j). This regulation is construed narrowly and failure to meet any one of these conditions removes the protection of the safe harbor and subjects the insurance plan to ERISA. Stuart v. UNUM Life Ins. Co. of America, 217 F.3d 1145, 1153 (9th Cir. 2000).

### 1. Contributions Made by Employer

Plaintiff argues that since First Command did not make contributions on his behalf, the Plan is not subject to ERISA as it relates to him. Plaintiff cites no authority suggesting that the applicability of ERISA is determined in relation to each beneficiary in a single plan. The Seventh Circuit expressly rejected this argument in Shyman v. Unum Life Ins. Co., 427 F.3d 452, 454 (7th Cir. 2005) (finding ERISA applied where employer paid premiums for some employees, despite independent contractor's argument that he paid premiums for disability coverage when other employees did not).

Given the narrow construction of the safe harbor, the Court determines that the Plan fails to meet this condition. First Command paid the premiums for the disability policy on behalf of Class 1 beneficiaries and some Class 2 and Class 3 beneficiaries who were employees. In addition, First Command paid employee premiums for group short-term disability and life insurance and a portion of the premiums for employees for group health insurance. Because First Command made these contributions for some beneficiaries of the Plan, the first condition of the safe harbor is not met. Accordingly, the Plan is subject to ERISA.

### 2. Endorsement of the Plan

Plaintiff argues that First Command did not endorse the Plan. This assertion is based on an unsworn response to a deposition notice where First Command's corporate representative so stated. However, the Court owes no deference to First Command's characterization of endorsement, but instead determines endorsement "in the light of all the surrounding circumstances from the perspective of a reasonable person." Stuart, 217 F.3d at 1149. The undisputed facts demonstrate that under the circumstances, First Command endorsed the Plan.

It is undisputed that First Command acted as administrator of the Plan, which tends to show that the employer endorsed the Plan. See Sarraf v. Standard Ins. Co., 102 F.3d 991, 993 (9th Cir.1996). It is undisputed that First Command provided new employees with information on the Plan, included it among listed benefits on its human resources intranet site, and described the Plan to participants as an ERISA Plan. See Kanne v. Conn. Gen. Life Ins. Co., 867 F.2d 489, 493 (9th Cir1988) (holding that employer endorsed plan within the meaning of 29 CFR § 2510.3–1(j)(3) by preparing a plan brochure describing its plan as an ERISA plan), cert denied, 492 U.S. 906 (1989). It is undisputed that First Command was also responsible for filing forms with the Department of Labor and IRS as required by ERISA, which is evidence of an ERISA plan. Pacificare, Inc. v. Martin, 34 F.3d 834, 837 (9th Cir.1994). Further, it is undisputed that First Command provided data on claims and coverage to Defendant, automatically enrolled some employees for core disability coverage, and deducted premiums for supplemental coverage from employee paychecks. These actions are inconsistent with a desire to merely advertise the Plan or act as a ministerial conduit for the Plan. Accordingly, First Command's endorsement of the Plan also removes it from the safe harbor and provides an alternative basis for application of ERISA.

### C. Independent Contractor Status

As discussed previously, the question of whether First Command paid Plaintiff's premiums has no bearing on whether the Plan falls within the safe harbor of 29 C.F.R. § 2510.3–1(j). Plaintiff's

similar argument that his status as an independent contractor "determines whether ERISA governs the plan" also fails.

Plaintiff cites Barnhart v. N.Y. Life Ins. Co., 141 F.3d 1310, 1313 (9th Cir. 1998) for the proposition that "claimants under ERISA ... must be employees." However, the issue in Barnhart was whether Plaintiff was an "employee" for purposes of an employment discrimination claim, not whether he was a "beneficiary" under an ERISA plan.  In the case relied upon by the Barnhart court, Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318 (1992), the plaintiff did not claim to have standing as a beneficiary, only as a participant, and the Supreme Court "did not address the scope of 'beneficiary' standing under ERISA." Peterson v. American Life & Health Ins. Co., 48 F.3d 404, 409 (9th Cir. 1995) (holding that partner of firm had standing to bring civil suit as a beneficiary, even though he was not an employee). Barnhart has never been cited for the proposition that independent contractors cannot bring claims under ERISA and Plaintiff has cited no other cases to support this claim.

The Seventh Circuit has held that an independent contractor may qualify as a beneficiary under ERISA with the same rights and obligations as other plan participants.  In Ruttenberg v. U.S. Life Insurance Company, 413 F.3d 652 (7th Cir. 2005) the Court held that the state law claims of an independent commodity trader were preempted by ERISA because he was a beneficiary of a ERISA plan. The Court held that:

> [A]ny person designated to receive benefits from a policy that is part of an ERISA plan may bring a civil suit to enforce ERISA. To hold otherwise would create the anomaly of requiring some insureds to pursue benefit claims under state law while requiring others covered by the identical policy to proceed under ERISA. Such a scenario would frustrate Congress's intent of achieving uniformity in the law governing employment benefits.

Id. at 409.  Although not controlling, Ruttenberg, which relied in part on Ninth Circuit law, persuades this Court that because Plaintiff is beneficiary under the Plan, it would be untenable to find that his status as an independent contractor exempted him from the ERISA.  Plaintiff's claims are preempted

by ERISA, notwithstanding his status as an independent contractor.  Accordingly, summary judgment in favor of the Defendant is granted.

### D. Leave to Amend

Fed. R. Civ. P. 15(a)(s) provides that parties may seek leave to amend and that such leave should be "freely given."  Whether an amendment to a pleading should be permitted is ordinarily a matter within the discretion of the trial court. Caddy–Imler Creations, Inc. v. Caddy, 299 F.2d 79, 84 (9th Cir.1962). District courts are directed to apply this rule with "extreme liberality." See, e.g., Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir.1997).  However, leave to amend is not absolute. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir.1990).  The court may deny leave to amend where amendment would be futile. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir.2004).

The Court notes with interest Defendant's representations that prior denial of Plaintiff's coverage was overturned by an administrative appeal, that back benefits have been paid, and that Plaintiff is now receiving benefits pursuant to the Policy.  Even though he is now receiving benefits, Plaintiff claims to be maintaining this suit because Plaintiff suffered "extreme financial distress and hardship."  The Court has doubts that an amended complaint will demonstrate that Plaintiff is entitled to more than what he has already received from Defendant.  However, given the liberal standard of Rule 15(a), leave to amend is granted.

### III. Motion to Strike

Defendant filed a statement of undisputed fact (#31) to which Plaintiff responded (#39). Defendant then filed a reply (#45) to Plaintiff's response.  Plaintiff seeks to strike the reply.

Fed. R. Civ. P. 56 (c) provides that at the summary judgment stage "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Defendant's reply addresses the additional facts that Plaintiff asserted in its Response and is permissible under the Federal Rules of Civil Procedure. Accordingly, the Motion to Strike (#48) is denied.

IV. Conclusion

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (#30) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (#48) is **DENIED**.

DATED this 8th day of August 2012.

_____
Kent J. Dawson
United States District Judge